UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN KIPROTECH, | CASE NO. 25-cv-05457-JHC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES CITIZEN AND IMMIGRATION SERVICES et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. Plaintiff has been granted leave to proceed in forma pauperis (IFP). Dkt. # 5. When an IFP application has been granted, "the court shall dismiss the case at any time if the court determines":

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

According to Plaintiff: on February 6, 2025, he submitted a Form I-918 (Petition for U Nonimmigrant Status) and I-765 (Application for Employment Authorization). Dkt. # 1-1 at 5. He maintains that United Status Citizen and Immigration Services (USCIS) still

ORDER - 1

has taken no action on either, and that this delay is unreasonable under the Administrative Procedures Act (APA). *Id.* at 5–6. He also acknowledges that agency delay is evaluated for reasonableness under the six-factor *TRAC* test. *Id.* at 7.

Yet Plaintiff fails to state a claim because the length of his delay—299 days—"is simply much shorter than those which courts have typically found to be unreasonable." *Liu v. Denayer*, 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022) (eighteen-month delay did not warrant judicial intervention); *see In re California Power Exch. Corp.*, 245 F.3d 1110, 1125 (9th Cir. 2001) ("The cases in which courts have afforded relief [using the *TRAC* factors] have involved delays of years, not months.") (collecting cases); *see also Ghadami v. United States Dep't of Homeland Sec.*, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) ("[M]any courts evaluating similar delays have declined to find a two-year period to be unreasonable as a matter of law.").

Thus, the Court DISMISSES this case with prejudice under 28 U.S.C. § 1915(e)(2). The case is dismissed with prejudice because no amendment can change the length of Plaintiff's delay in having his immigration forms adjudicated. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Dated this 2nd day of December, 2025.

John H. Chun
United States District Judge